UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD B. WOOD, JR.,

    Plaintiff,

v.                                    Case No. 8:20-cv-2143-WFJ-SPF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon Plaintiff's Amended Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 25). On July 9, 2021, this Court entered an Order reversing and remanding the case to the Commissioner for further administrative action (Doc. 21). The Clerk then entered judgment in favor of Plaintiff (Doc. 22). As the prevailing party, Plaintiff now requests an award of attorney's fees in the amount of $7,563.06, plus reimbursement of filing costs in the amount of $400.00. *See* 28 U.S.C. § 2412(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).

In order for the Plaintiff to be awarded fees under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United

States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean,* 496 U.S. 154, 158 (1990); *McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1330 (M.D. Fla. 2008).

Here, the Commissioner does not dispute that Plaintiff has meet all the above-described conditions (Doc. 25-2).  Further, as Plaintiff contends, the position of the United States was not substantially justified, and no special circumstances exist which would make an award of attorney's fees unjust in this instance.  *See* 28 U.S.C. § 2412(d)(1)(A). Therefore, Plaintiff has established his entitlement to attorney's fees and costs.

With respect to the amount of attorney's fees, EAJA fees are decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.  *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990).  The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

By his motion, Plaintiff seeks an award of attorney's fees in the amount of $7,563.06.  The amount is based on 34.7 hours expended by his attorney on this matter in 2020 and 2021.  Of the 34.7 hours, 3.7 hours occurred in 2020 at a rate of $207.78 and 31 hours occurred in 2021 at a rate of $219.17 per hour (Doc. 25-1 at 6).  Based on the undersigned's own knowledge and experience and the lack of challenge by the Commissioner to the claimed hours or rates, the Court concludes that both the hourly rate

and the number of hours requested are fair and reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value") (quotation omitted). Therefore, it is recommended that Plaintiff be awarded attorney's fees in the amount of $7,563.06.

If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 25-4) and pay the fees directly to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Accordingly, for the foregoing reasons, it is hereby

**RECOMMENDED**:

1. Plaintiff's Amended Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 25) be **GRANTED**.

2. Plaintiff be awarded attorney's fees in the amount of $7,563.06, and costs in the

amount of $400.00, for a total award of $7,963.06.

**REPORTED** in Tampa, Florida, on August 19, 2021.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc: Hon. William F. Jung
      Counsel of Record