UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD WOOD, JR.,

    Plaintiff,

v.                                            Case No. 8:20-cv-2143-WFJ-SPF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff's Attorney's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 31) is before the Court. On July 9, 2021, at the agency's request, the Court entered an order reversing and remanding the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) (Doc. 21). The Court then awarded Plaintiff's attorney $7,563.06 in fees and $400.00 in costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Doc. 29). Upon remand, the Commissioner issued a favorable decision resulting in Plaintiff's award of $169,356.00 in past-due benefits (Doc. 31-3). Counsel now seeks $34,775.94 in fees under § 406(b).[1] The Commissioner does not oppose the motion (Doc. 33).

Under § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant in a social security matter, the court may award the claimant's attorney a reasonable fee for his

---

[1] The agency withheld 25% of Plaintiff's past due benefits, or $42,339.00, to pay Plaintiff's attorney (Doc. 31-3 at 3). Any award must be offset by the EAJA fees. *See Watford v. Heckler*, 765 F.2d 1562, 1566 n. 5 (11th Cir. 1985). Consequently, Plaintiff's counsel seeks a § 406(b) award of $34,775.94 (rather than the full $42,339.00 withheld) to account for the $7,563.06 in EAJA fees he already obtained. *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273-74 (11th Cir. 2010).

representation. Such fee is not to exceed 25 percent of the retroactive benefits to which the claimant is entitled. 42 U.S.C. § 406(b). Even when the fees requested are unopposed and the fee sought does not exceed the statutory limitation on attorneys' fees, the Court still must inquire whether such fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "Generally, the best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client." *Pearce v. Astrue*, 532 F. Supp. 2d 1367, 1369 (M.D. Fla. 2008) (citation and quotations omitted). Other factors to be considered address the "character of the representation and the results the representative achieved"; for example, whether the attorney was responsible for delay that would result in a greater fee due to the accumulation of back benefits, and whether the "benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808 (citations omitted). Although a court is not to apply a lodestar method in determining the reasonableness of an agreed upon contingency fee, a court may consider the record of "the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.*

Here, counsel seeks fees for his representation of Plaintiff during the appeal before this Court, which reversed and remanded Plaintiff's application to the agency, which in turn issued a favorable decision (Doc. 31-4). The agency found Plaintiff disabled and awarded benefits calculated back to July 1, 2015 (*see* Doc. 31-3 at 2).

Plaintiff entered into a fee agreement to pay his counsel 25 percent of the past due benefits awarded (Doc. 31-5).  According to the agency's Notice of Award, Plaintiff's past due benefits total $169,356.00 (Doc. 31-3), and 25 percent equals $42,339.00.  Plaintiff's counsel seeks $34,775.94 in fees under 42 U.S.C. § 406(b).  This is the difference between $42,339.00 (25 percent of Plaintiff's back due benefits) and $7,563.06 (the amount of Plaintiff's counsel's EAJA award).

Counsel attests to performing 34.7 hours of work on this case.  This amounts to an hourly fee of $1,220.14 for attorney time. Considering the risk counsel assumes in a contingency case, this is reasonable.  *See Amador v. Comm'r of Soc. Sec.*, No. 8:16-cv-3271-T-MCR, 2019 WL 2269826, at *2 (M.D. Fla. May 28, 2019) (approving hourly rate of $1,279.00 and finding it was not a windfall to the attorney); *Vilkas v. Comm'r of Soc. Sec.,* No. 2:03CV687FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (report and recommendation of magistrate judge finding reasonable a § 406(b) fee that amounted to payment of $1,121.86 per hour for attorney's representation of plaintiff before the court); *Thomas v. Barnhart,* 412 F. Supp. 2d 1240, 1242-44 (M.D. Ala. 2005) (citing *Claypool v. Barnhart,* 294 F. Supp. 2d 829 (S.D.W.Va. 2003), wherein $1,433.12 per hour was permitted).

It is **RECOMMENDED**:

1. Plaintiff's Attorney's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 31) be **GRANTED**;

2. Plaintiff's counsel be awarded $34,775.94 in attorney's fees; and
3. The Clerk of the Court enter judgment accordingly.

**ORDERED** in Tampa, Florida, on June 16, 2023.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.